**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL SANTIAGO FLORES-GUERRERO,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No. 15-72015

Agency No. A094-769-460

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 7, 2018
Pasadena, California

Before: GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Petitioner Daniel Flores-Guerrero, a native and citizen of El Salvador, seeks

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal.[1]  We deny the petition.

1.  Substantial evidence supports the BIA's determination that Petitioner failed to establish that the proposed social group, articulated variously as "individuals who have fled violence" or "witnesses to criminal activity [who] have cooperated with law enforcement or are perceived to have cooperated," meets the "social distinction" requirement.  Reyes v. Lynch, 842 F.3d 1125, 1137 (9th Cir. 2016) (stating substantial evidence standard), cert. denied, 138 S. Ct. 736 (2018). As the BIA noted, Petitioner has presented no evidence that Salvadoran society recognizes that broad group of people as a social group.  And it is not otherwise apparent that the group would "generally be recognizable by other members of the community."  Henriquez-Rivas v. Holder, 707 F.3d 1081, 1088 (9th Cir. 2013) (en banc) (internal quotation marks omitted).

Similarly, the BIA did not err in determining that Petitioner's proposed social group is insufficiently particular.  See Pirir-Boc v. Holder, 750 F.3d 1077, 1081 (9th Cir. 2014) (stating de novo standard of review).  Because cooperation with law enforcement is a vague and amorphous concept that may apply to a broad

---

[1] Petitioner did not specifically contest the IJ's denial of his claim for protection under the Convention Against Torture, so he has waived it.  Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

group of people, Petitioner's proposed group, as articulated, does not constitute a particular social group.  Reyes, 842 F.3d at 1135.

That is not to say that had Petitioner defined his social group more narrowly he would have been unable to establish membership in a particular social group. But, as presented, Petitioner's proposed social group is too broad and vague to be socially distinct or particular.

2.  Substantial evidence also supports the BIA's determination that, even if Petitioner had established membership in a particular social group, he failed to establish a nexus between that membership and his fear of persecution. Parussimova v. Mukasey, 555 F.3d 734, 742 (9th Cir. 2009).  The record does not compel a finding that Petitioner's proposed particular social group is "one central reason" for his fear of persecution because, as the BIA noted, his "fear of harm arises, in large part, from his resistance to recruitment in gang membership."  8 U.S.C. § 1158(b)(1)(B)(i); Barrios v. Holder, 581 F.3d 849, 854–56 (9th Cir. 2009).

Petition **DENIED.**